UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA HILL,

    Plaintiff,

vs.                                                                                                        Case No. 12-13487

LAW OFFICES OF TIMOTHY E.                  HON. AVERN COHN
BAXTER & ASSOCIATES, P.C.,
a Michigan professional corporation,

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S
MOTION FOR STAY OF EXECUTION OF JUDGMENT
AND FOR RELIEF FROM JUDGMENT (Doc. 17)**

**I. INTRODUCTION**

This is a Fair Debt Collection Practices Act case. On March 19, 2013, judgment was entered in favor of plaintiff Christina Hill (plaintiff) and against defendant Law Offices of Timothy E. Baxter & Associates, P.C. (defendant) in the amount of $1,443.95, and the case was dismissed. (Doc. 16). Now before the Court is "Defendant's Motion For Stay Of Execution From Judgment And For Relief From Judgment" (Doc. 17). After the motion was filed, the Court entered an order staying execution from judgment pending a ruling on the motion. (Doc. 18). Plaintiff has filed a response in opposition to defendant's motion. (Doc. 19). For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

**II. BACKGROUND**

The facts giving rise to this dispute began in state court. Plaintiff owed a debt to

HSBC. On June 5, 2007, defendant, a debt collection firm, obtained a $1,384.98 judgment for its client against the plaintiff in 68th district court. (Doc. 17-2). Until April of 2012, plaintiff made several $75.00 payments on the judgment. In April of 2012, however, a representative of defendant informed plaintiff that they would no longer accept monthly payments. Defendant initiated garnishment proceedings in an effort to collect the debt. Because plaintiff had insufficient funds in her bank account, she was charged a $38.00 insufficient funds fee. As of the current date, plaintiff owes defendant's client $1,200.56 on the state court judgment.

Plaintiff filed a three-count complaint against defendant to recover the $38.00, phrased by her as follows:

    Count I      Fair Debt Collection Practices Act;
    Count II     Violation of the Michigan Occupational Code; and
    Count III    Violation of the Michigan Collection Practices Act.

After the complaint was filed, on August 24, 2012, defendant offered to concede judgment and the plaintiff accepted. The offer of judgment stated, in relevant part,

> Judgment shall be entered against Defendant, Law Offices of Timothy E. Baxter & Associates, P.C. (hereinafter "Defendant Baxter"), in the amount of One Thousand ($1,000.00) Dollars in Fair Debt Collection Practices Act statutory damages, plus Fifty ($50.00) Dollars in Michigan Occupational Code and/or Michigan Collection Practices Act statutory damages, plus Thirty-Eight ($38.00) Dollar [sic] in actual damages, plus Three Hundred Fifty-Five and 95/100 ($355.95) Dollars in costs, plus reasonable attorney's fees as determined by the Court through the date of this offer.

(Doc. 3).

On December 6, 2012, the Court ordered the defendant to pay to the plaintiff attorneys' fees in the amount of $520.00. (Doc. 13). The attorneys' fees have been paid.

On March 18, 2013, the Court held a status conference to address the remaining issues in the case. Defendant informed the Court that an entry of judgment against it in the amount of $1,443.95 would close the case. Thus, on March 19, 2013, judgment was entered in favor of plaintiff and against defendant in the amount of $1,443.95, and the case was dismissed. The judgment is comprised of, among other things, costs in the amount of $355.95. The parties' current dispute is over the payment of these costs.

On March 20, 2013, defendant's state court client obtained a Writ of Garnishment (Non-Periodic) against defendant in the amount of $1,200.56, *i.e.* the amount that plaintiff owes defendant's client on the state court judgment. (Doc. 17-5). After being served with the Writ of Garnishment, on March 21, 2013, defendant sent a garnishee disclosure to plaintiff's lawyer, informing him that plaintiff is indebted to defendant's client in the amount of $1,200.56, and that this amount would be withheld from the $1,443.95 judgment plaintiff obtained from defendant in this Court. (Doc. 17-6 at 2). Accordingly, defendant sent plaintiff's lawyer a check for the difference, in the amount of $243.43,[1] as satisfaction of the judgment in this case. (Doc. 17-7 at 2).

Plaintiff's lawyer filed objections to the Writ of Garnishment in state court. (Doc. 19-6 at 2). Plaintiff's lawyer contends that defendant improperly served him with the garnishee disclosure, rather than serving plaintiff personally, even though plaintiff's lawyer does not represent plaintiff in the state court action. In addition, plaintiff's lawyer says defendant still owes $122.52 in costs. Plaintiff's lawyer says that the $355.95 in costs that make up a portion of the $1,443.95 judgment in this case are the property of the lawyer, not the

---

[1] The actual difference is $243.39. It is not clear how the extra four cents were figured into the equation.

plaintiff personally. Plaintiff's lawyer relies on his fee agreement with the plaintiff for this proposition. Accordingly, plaintiff's lawyer says that the costs cannot be offset from the amount owed by plaintiff to defendant's client on the state court judgment.

### III. LEGAL STANDARD

Under Rule 60(b), a federal court can grant relief from a final judgment when, among other things, "the judgment has been satisfied, released or discharged." Fed. R. Civ. P. 60(b)(5).

### IV. DISCUSSION

**1.**

Here, defendant's motion is premature. The judgment has not yet been "satisfied, released, or discharged." Although defendant served plaintiff's lawyer with a garnishee disclosure, plaintiff's lawyer has filed objections to the Writ of Garnishment in state court. Thus, this Court will not interfere with the state court's determination of whether plaintiff's lawyer is entitled to the $122.52 in costs. Until the objections have been resolved in state court, execution of the judgment is STAYED.

**2.**

In her response brief, plaintiff asks for "her attorney's fees and costs incurred in responding to the instant motion, which was filed as part of Defendant's scheme to vex and harass Plaintiff's counsel due to personal animosity." Aside from this conclusory statement, plaintiff fails to cite any case law or explain why she should be entitled to attorneys' fees and costs.

Federal courts have inherent powers to award attorneys' fees. *Jones v. Continental*

*Corp.*, 789 F.2d 1225, 1228-29 (6th Cir. 1986). Determining whether attorneys' fees should be awarded "rests in the sound discretion of the trial court." *Id.* at 1229 (citations omitted).

Here, defendant brought this motion too early. Rather than waiting until the objections to garnishment were addressed in state court, defendant assumed that the garnishee disclosure and the payment of $243.43 satisfied the judgment in this case. On these facts alone, attorneys' fees and costs are not justified. Contrary to plaintiff's position, there is no evidence that defendant brought this motion as part of a scheme to "vex and harass Plaintiff's counsel due to personal animosity." Plaintiff's request for attorneys' fees is, therefore, DENIED.

## V. CONCLUSION

For the reasons stated above, defendant's motion was granted in part and denied in part. Defendant may file another motion after the state court proceedings have concluded.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 16, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160